**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-0048-WJM

NATIONAL SKI AREAS ASSOCIATION, INC.,

      Plaintiff,

v.

UNITED STATES FOREST SERVICE, an agency of the United States Department of
Agriculture,
UNITED STATES DEPARTMENT OF AGRICULTURE, and
HARRIS SHERMAN, Under Secretary for Natural Resources and Environment of United
States Department of Agriculture

      Defendants.

---

**SCHEDULING ORDER**

---

This matter is before the Court for hearing on November 15, 2012.  To assist in

preparation for oral argument, the Court directs as follows:

**I. By 2pm, November, 14 2012, the Court directs:**

    1.    Parties prepare a date/event time-line, tracing the Agency's 30-year policy

        of requiring that permittees claim water rights in the name of the United

        States.[1] Citations from the record should also be included. While the Court

        is amenable to a copy being filed by both parties, a single, agreed

        document would be preferable. Such summary will be limited to **2 pages.**

---

[1]Defendant states in briefing that the 2012 Directive reiterates the Agency's 30-year
policy of requiring that permittees claim water rights in the name of the United States. 8
AR-00027.

2.      The parties to prepare a summary which outlines the differences between

the 2004 Clause and the 2012 Directive (specifically, the three classes

that Plaintiff characterizes in the 2012 Directive on pages 15-16 of

Plaintiff's Opening Brief). Such summary will be limited to **3 pages.**

Counsel should indicate the key differences, particularly in terms water

rights on NFS land and non-NFS lands, and the import of 'point of

diversion' structures. The Court notes that it will consider these issues,

*inter alia*, in oral argument.

**II. By 9am, November 15, 2012, the Court directs:**

3.      Plaintiff to prepare a document (in *word perfect*) that reproduces several

clauses of the 2012 Directive – including the specific clauses identified at:

Ex. 1 ¶ F.2.a(1); Ex. 1 ¶ F.2.b(1); Ex. 1 ¶ F.2.d; Ex. 1 ¶ F.2.e; Ex. 1 ¶ F.2.f.

Plaintiff is to certify that these clauses are a reproduction of the same

clauses in the 2012 Directive.   As addressed in 2., above, the Court notes

that Plaintiff has characterized some of these clauses into certain classes.

By way of footnote, Plaintiff should clearly identify which of these clauses

falls within the characterized class.  In addition, Plaintiff, by way of

footnote, should clearly label the power of attorney and waiver clauses.

Reproduction of these clauses will not only provide a reference point for

the Court and parties during oral argument hearing, but it makes these

clauses more editable in progressing this matter following closure of oral

argument. Should Plaintiff have questions with respect to this document,

Plaintiff may contact chambers on the following line: (303)-335-2892.

**III. To assist the Court,  counsel should be prepared to address the following questions/issues in oral argument**

1.  (a) By reference to the record— including the Hensler Declaration (ECF No 15, Exh. 15) — is water (sourced from non-NFS land) presently being diverted onto NFS lands and is this the real issue between the parties with respect to the 2012 Directive. (b) Additionally, does the issue of water rights from NFS and non-NFS land illustrate the real difference between the 2012 Directive and 2004 Clause? (c) Relatedly, if the 'point[s] of diversion' are removed from NFS land as stated in Ex. 1 ¶ F.2.d, what effect does this have on water that has been purchased from non-NFS land (i.e. does NFS land get the benefit, without compensating the holder)?

2.  The parties' arguments are broken into procedural and substantive grounds.  With respect to these arguments, the parties should be well prepared to answer questions on the following cases, amongst others:

    •   *Sorenson Communications, Inc. v. F.C.C.*, 567 F.3d 1215 (10th Cir. 2009)

    •   *Mission Group Kansas, Inc. v. Riley*, 146 F.3d 775 (10th Cir. 1998)

    •   *City and County of Denver v. Bergland*, 695 F.2d 465 (10th Cir. 1982)

3.  What deference should the Court give to the Agency's interpretation of the phrase: "reasonable terms and conditions" in the Ski Area Permits Act? If Plaintiff argues successfully that Defendant's 2012 Directive is legislative,

does this provide a broader construction of the phrase "reasonable terms

and conditions" in the Ski Area Permit Act? In short, can Plaintiff succeed

on both procedural and substantive challenges if the 2012 Directive is

viewed as legislative rule requiring notice and comment procedures?

4.      With reference to the summary which outlines the differences between the

2004 Clause and the 2012 Directive, what are the key differences

between these regulations?  And if both are the same, why does the 2012

Directive contain different language to that of the 2004 Clause?

Dated this 12th day of November, 2012.

BY THE COURT:


William J. Martínez
United States District Judge